UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA           )
                                   )
v.                                 )          No. 3:02-000187
                                   )          JUDGE CAMPBELL
TYRONE MORTON                      )

MEMORANDUM AND ORDER

Pending before the Court is a Motion To Reduce Sentence Pursuant To 18 U.S.C. §

3582(c)(2) Amendment 591 (Docket No. 367), filed by Defendant Morton, pro se. For the

reasons set forth below, the Motion is DENIED.

The Defendant pled guilty to being a convicted felon in possession of a firearm, in

violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Seven), and possession with intent to

distribute or distribution of 50 grams or more of crack cocaine, in violation of 21 U.S.C. §

841(a)(1) (Count Ten). (Docket Nos. 232, 252, 281).  On July 30, 2004, the Court sentenced the

Defendant to 120 months imprisonment on Count Seven, concurrent with 210 months of

imprisonment on Count Ten. (Docket Nos. 282, 287).

The Defendant appealed his conviction and sentence, and the Sixth Circuit affirmed.

(Docket No. 291).  The Defendant's Petition for Writ of Certiorari was subsequently denied by

the Supreme Court. (Docket Nos. 306, 311).

Through the pending Motion, Defendant seeks reduction of his sentence pursuant to 18

U.S.C. § 3582(c)(2).  Section 3582(c)(2) provides that the Court may not modify a term of

imprisonment once it has been imposed, except:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment
> based on a sentencing range that has subsequently been lowered by the
> Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the
> defendant or the Director of the Bureau of Prisons, or on its own motion, the court
> may reduce the term of imprisonment, after considering the factors set forth in

section 3553(a) to the extent that they are applicable, if such a reduction is
consistent with applicable policy statements issued by the Sentencing
Commission.

Defendant contends that his sentence should be reduced under this section based on Amendment

591 to the United States Sentencing Guidelines that became effective on November, 2001.

Amendment 591 modified United States Sentencing Guideline Sections 1B1.1(a),

1B1.2(a), 2D1.2, and the Statutory Index's introductory commentary by adding language

referring the sentencing judge to Sentencing Guideline Section 2X1.1. See, e.g., United States v.

Greenup, 86 Fed.Appx. 157, 168, 2004 WL 179226 (6th Cir. 2004); United States v. Shepherd,

83 Fed.Appx. 88, 89, 2003 WL 22905321 (6th Cir. 2003).

As noted above, the Amendment went into effect on November 1, 2001, and therefore,

was in effect at the time of Defendant's sentencing hearing on July 30, 2004. Consequently, the

Amendment did not "subsequently lower" Defendant's sentencing range, and therefore, Section

3582(c)(2) does not apply. Accordingly, the Defendant's Motion is without merit, and is denied.

It is so ORDERED.


_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE